[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] CLARIFICATION
The defendant, Abigail Berglass, has filed a motion to clarify the judgment concerning the conditions under which the defendant may be ordered to make payments for the support of the minor children.
On the date of the hearing for an uncontested dissolution, August 12, 1998, the parties presented the court with a seven page agreement dated August 11, 1998. Both parties had signed the agreement as well as their respective attorneys and counsel for the minor child.
Article V of the agreement, entitled Child Support, paragraphs 5.1 to 5.4 inclusive, made provisions for the support for the minor children. CT Page 7761
Specifically, paragraph 5.2 of Article V provided that unless the defendant, Abigail Berglass, earns in excess of $25,000 a year in earned income, the plaintiff, Steven Berglass, will discharge the responsibility of supporting the two minor children in his home. The defendant was unemployed at the time of the dissolution.
Both parties were canvassed at length on the record, by their respective attorneys and by the court.
Both parties had full appreciation of the terms and consequences of the agreement which they both signed. Paragraphs 5.2 and 5.3 of Article V clearly state the "husband has the right to petition . . . that wife contribute to the support of the children only if wife's earned income should exceed an annual amount of $25,000." This was brought out in the canvass of the plaintiff.
This court cannot make this paragraph any clearer. The wording was prepared by counsel and both parties had extensive discussions with their respective attorneys on all the paragraphs of the agreement. Both parties were canvassed at length on the record.
The court notes that no provision was made for educational expenses. Since the court did not craft this agreement, the court could only speculate as to the intentions of the parties.
The Court
 By ___________________ Coppeto, J.